IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOLOMON JULSCLIFF | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2158-K |
| | § | |
| WAL-MART, ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant Wal-Mart Stores Texas, LLC, mistakenly sued as "Wal-Mart Stores," has filed a Rule 12(b)(4) & (5) motion to dismiss for insufficiency of process and service of process.  For the reasons stated herein, the motion should be denied without prejudice.[1]

I.

This is a *pro se* civil action brought by Solomon Julscliff, an African-American formerly employed by Wal-Mart, alleging that he was sexually harassed by Hispanic co-workers and that he was terminated by Wal-Mart in retaliation for filing a complaint with the Texas Workforce Commission.  On November 12, 2009, plaintiff initiated this lawsuit by filing a complaint with the district clerk and by paying the statutory filing fee.  Thereafter, plaintiff personally mailed a summons and a copy of his complaint to Monica Mapes, an attorney with the Dallas law firm of Geary, Porter & Donovan.  Wal-Mart now moves to dismiss this case on two grounds:  (1) plaintiff

---

[1]  The Civil Justice Expense and Delay Reduction Plan adopted by this court provides that "[e]ach judge will continue to give priority to the monitoring and resolution of pending motions."  Plan at § XI(2), *reprinted in* Texas Rules of Court--Federal at 285 (West Pamph. 2009).  To eliminate undue delay and unnecessary expense to the parties in this and other civil actions, and because Wal-Mart has been ordered to cooperate with plaintiff in obtaining proper service, the court will rule on the motion without a written response.

is not a person authorized by law to serve process; and (2) Mapes is not an officer or agent authorized to receive service of process for the corporation.

## II.

The rules governing service of process are set forth in Rule 4 of the Federal Rules of Civil Procedure.  A corporation, partnership, or association may be served in a judicial district of the United States:

> (A)     in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B)     by delivering a copy of the summons and of the complaint to an officer . . ., or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]

*See* FED. R. CIV. P. 4(h)(1).  Rule 4(e)(1) allows for service of the summons and complaint by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"  FED. R. CIV. P. 4(e)(1).  Plaintiff opted to serve Wal-Mart by certified mail, return receipt requested, ostensibly in conformity with Texas law.  Rule 106 of the Texas Rules of Civil Procedure provides, in pertinent part:

> (a)     Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by
>
> * * * *
>
> (2)     mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

TEX. R. CIV. P. 106(a)(2).  Rule 103, in turn, provides that service must be made by "any sheriff or constable or other person authorized by law, [or] any person . . . authorized by law or by written

order of the court who is not less than eighteen years of age." TEX. R. CIV. P. 103. The rule also permits the clerk of court to effect service by registered or certified mail. *Id.*

Wal-Mart correctly notes that plaintiff, a party to this case, does not fall within the class of persons authorized to effect service by certified mail under Texas law. TEX. R. CIV. P. 103 ("[N]o person who is a party to or interested in the outcome of a suit may serve any process in that suit[.]"); *see also Jackson v. United States*, 138 F.R.D. 83, 88 (S.D. Tex. 1991). Moreover, under both federal and Texas law, only an officer or a registered agent of a corporation may be served with process. *See* FED. R. CIV. P. 4(h)(1)(B); TEX. BUS. CORP. ACT ANN. § 2.11 (Vernon 2003). Mapes, an attorney who represents Wal-Mart, is neither. For these reasons, plaintiff failed to properly serve Wal-Mart.

### III.

The federal rules impose a duty on a defendant to avoid unnecessary costs of serving the summons. *See* FED. R. CIV. P. 4(d). To avoid costs, "[t]he plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." FED. R. CIV. P. 4(d)(1). Because plaintiff is proceeding *pro se*, the court determines that additional assistance should be provided to help him effect proper service. To that end, the district clerk shall send plaintiff the forms for waiving service of a summons. FED. R. CIV. P. App., Forms 5 & 6. Nancy L. Walters, counsel for Wal-Mart, shall notify plaintiff in writing by **January 5, 2010**, whether she will accept the waiver forms on behalf of Wal-Mart. If Walters will not accept the waiver forms, her notice to plaintiff shall identify, by name and address, a company officer or registered agent authorized to receive service of process. A copy of the notice sent to plaintiff shall also be filed with the court. Upon receipt of this information, plaintiff shall send *two copies* of the waiver form and a copy of his complaint by first class mail to: (1) the officer or registered agent

authorized to receive service of process on behalf of Wal-Mart; or (2) Nancy L. Walters, if counsel agrees to accept the waiver of summons forms. *See* FED. R. CIV. P. 4(d)(1)(A)-(G). Wal-Mart is reminded that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." FED. R. CIV. P. 4(d)(1). The court will not hesitate to impose costs if Wal-Mart fails to comply with the request for waiver without good cause. FED. R. CIV. P. 4(d)(2).

If Wal-Mart waives service, plaintiff shall promptly file the executed waiver form with the district clerk. If Wal-Mart fails to return an executed waiver of summons form to plaintiff within 30 days after receipt, plaintiff must serve Wal-Mart with a summons and a copy of his complaint in accordance with Rule 4(h). *See Monroe v. Texas Utilities Co.*, No. 3-01-CV-1012-D, 2002 WL 413866 at 3-4 (N.D. Tex. Mar. 11, 2002) (establishing similar procedure to assist *pro se* plaintiff in obtaining service of process).

## RECOMMENDATION

Wal-Mart's motion to dismiss for insufficiency of process and service of process [Doc. #8] should be denied without prejudice. Although plaintiff failed to properly serve Wal-Mart, he should be given an opportunity to cure this defective service before the case is dismissed. The parties should be instructed to proceed in accordance with the terms of this recommendation.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  December 3, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE