IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOLOMON JULSCLIFF | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2158-K |
| | § | |
| WAL-MART, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant City of Garland ("the City") has filed a Rule 12(b)(2) & (5) motion to dismiss for lack of personal jurisdiction and insufficiency of service. For the reasons stated herein, the motion should be denied without prejudice.[1]

I.

This is a *pro se* civil right action brought by Solomon Julscliff, a former Wal-Mart employee, alleging that he was "threatened," "harassed," "abused," and "intimidated" by a Garland police officer who was called to escort him from the premises after he was fired for shoving a co-worker. On November 12, 2009, plaintiff initiated this lawsuit by filing a complaint with the district clerk and by paying the statutory filing fee. Thereafter, plaintiff personally mailed a summons and a copy of his complaint to the City Secretary of the City of Garland. The City now moves to dismiss this case on the ground that plaintiff is not a person authorized by law to serve process.

---

[1] The Civil Justice Expense and Delay Reduction Plan adopted by this court provides that "[e]ach judge will continue to give priority to the monitoring and resolution of pending motions." Plan at § XI(2), *reprinted in* Texas Rules of Court--Federal at 285 (West Pamph. 2009). To eliminate undue delay and unnecessary expense to the parties in this and other civil actions, and because the City has been ordered to cooperate with plaintiff in obtaining proper service, the court will rule on the motion without a written response.

II.

The rules governing service of process are set forth in Rule 4 of the Federal Rules of Civil

Procedure.  A state or local government, like the City, must be served by:

> (A)     delivering a copy of the summons and of the complaint to its
> chief executive officer; or
>
> (B)     serving a copy of each in the manner prescribed by that state's
> law for serving a summons or like process on such a defendant.

*See* FED. R. CIV. P. 4(j)(2).  Plaintiff opted to serve the City by certified mail, return receipt

requested, ostensibly in conformity with Texas law.  Rule 106 of the Texas Rules of Civil Procedure

provides, in pertinent part:

> (a)     Unless the citation or an order of the court otherwise directs,
> the citation shall be served by any person authorized by Rule 103 by
>
> * * * *
>
> (2)     mailing to the defendant by registered or certified mail,
> return receipt requested, a true copy of the citation with a copy of the
> petition attached thereto.

TEX. R. CIV. P. 106(a)(2).  Rule 103, in turn, provides that service must be made by "any sheriff or

constable or other person authorized by law, [or] any person authorized by law or by written order

of the court who is not less than eighteen years of age."  TEX. R. CIV. P. 103.  The rule also permits

the clerk of court to effect service by registered or certified mail.  *Id.*  The City correctly notes that

plaintiff, a party to this case, does not fall within the class of persons authorized to effect service by

certified mail under Texas law.  TEX. R. CIV. P. 103 ("[N]o person who is a party to or interested in

the outcome of a suit may serve any process in that suit[.]"); *see also Jackson v. United States*, 138

F.R.D. 83, 88 (S.D. Tex. 1991).  Therefore, plaintiff failed to properly serve the City.

III.

Because plaintiff is proceeding *pro se*, the court determines that additional assistance should be provided to help him effect proper service.  To that end, counsel for the City shall notify plaintiff in writing by **January 5, 2010**, whether the City and its officer, who is also a defendant herein, will waive service of process and voluntarily file an answer or otherwise plead.  If the City and its officer will not waive service of process, the notice to plaintiff shall identify, by name and address, the person or persons upon whom service must be made.  A copy of the notice sent to plaintiff shall also be filed with the court.  Upon receipt of this information, plaintiff will be required to serve the City in accordance with Federal Rule of Civil Procedure 4(c)(2), which allows any person who is at least 18 years old and not a party to the suit to personally serve a defendant with a summons and complaint, or Texas Rule of Civil Procedure 103, which allows the clerk of court to serve a summons and complaint by certified mail, return receipt requested.

The Garland police officer named as a defendant is under a duty to avoid unnecessary costs of serving the summons.  *See* FED. R. CIV. P. 4(d).[2]  If the officer does not agree to voluntarily file an answer or otherwise plead, the district clerk will send plaintiff the required forms for waiving service of a summons.  FED. R. CIV. P. App., Forms 5 & 6.  Upon receipt of those forms, plaintiff must send *two copies* of the waiver form and a copy of his complaint by first class mail to the officer at the address provided by counsel for the City.  Counsel should remind the officer that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." FED. R. CIV. P. 4(d)(1).  The court will not hesitate to impose costs if the officer fails to comply with the request for waiver without good cause. FED. R. CIV. P. 4(d)(2).

---

[2]  The City of Garland is not subject to the requirements of Rule 4(d).

If the officer waives service, plaintiff shall promptly file the executed waiver form with the district clerk. If the officer fails to return an executed waiver of summons form to plaintiff within 30 days after receipt, plaintiff must serve the officer with a summons and a copy of his complaint in accordance with Rule 4(e). *See Monroe v. Texas Utilities Co.*, No. 3-01-CV-1012-D, 2002 WL 413866 at 3-4 (N.D. Tex. Mar. 11, 2002) (establishing similar procedure to assist *pro se* plaintiff in obtaining service of process).

## RECOMMENDATION

The City of Garland's motion to dismiss [Doc. #10] should be denied without prejudice. Although plaintiff failed to properly serve the City, he should be given an opportunity to cure this defective service before the case is dismissed. The parties should be instructed to proceed in accordance with the terms of this recommendation.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  December 7, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE