IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOLOMON JULSCLIFF | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2158-K-BD |
| | § | |
| WAL-MART, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendants Wal-Mart, Inc. ("Wal-Mart") and D.C. Jackson ("Jackson") have filed separate Rule 12(b)(6) motions to dismiss this *pro se* civil action brought by Plaintiff Solomon Julscliff. In his amended complaint, plaintiff, a former Wal-Mart employee, alleges that he was "harassed, stalked, and tormented by Latino Co-Workers" who falsely assumed he was gay and a gay prostitute. When plaintiff reported this offensive conduct to his supervisors, they not only ignored his complaints, but the personnel manager allegedly started a rumor that plaintiff was HIV positive. Plaintiff, who denies that he is gay or HIV positive, filed a complaint with the Texas Workforce Commission in July 2008. Thereafter, plaintiff alleges that the harassment escalated to the point where he was physically attacked by some of his Hispanic co-workers. On or about March 6, 2009, plaintiff was terminated by Wal-Mart for shoving another employee. A Garland police officer, D.C. Jackson, was called to escort plaintiff off the premises. Plaintiff alleges that Jackson "moved aggressively into [his] personal space, while uttering explaitives [sic]," unsnapped his gun as if to shoot plaintiff, then harassed and bullied plaintiff into signing a criminal trespass warning. Liberally construed, plaintiff's amended complaint appears to assert claims against Wal-Mart for sexual

harassment and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII), as amended, 42 U.S.C. § 2000e, *et seq.*, and for intentional infliction of emotional distress, defamation, negligent supervision and retention, stalking and harassment, concealment and obstruction, breach of contract, breach of promise, and breach of trust under Texas law. His only claim against Jackson is for unspecified civil rights violations under 42 U.S.C. § 1983.[1] The case is before the court on Rule 12(b)(6) motions filed by Wal-Mart and Jackson. The issues have been briefed by the parties, and the motions are ripe for determination.

A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 618 (5th Cir. 1992), *quoting Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 795 (1991). To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 129 S.Ct. at 1950. "[W]here the well-pleaded facts do not permit the court to

---

[1] To the extent plaintiff attempts to sue Wal-Mart for civil rights violations under 42 U.S.C. § 1983, no such claim exists because Wal-Mart is a private corporation that does not act "under color of state law." *See McCray v. Wal-Mart Stores, Inc.*, No. 1:06-CV-1123-MEF, 2009 WL 734138 at *7 (M.D. Ala. Mar. 17, 2009), *aff'd*, No. 09-11939, 2010 WL 1784247 (11th Cir. May 5, 2010)..

infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id., quoting* FED. R. CIV. P. 8(a)(2).

Judged against this standard, the court has little difficulty concluding that plaintiff has failed to state a claim against Wal-Mart for intentional infliction of emotional distress, defamation, negligent supervision and retention, stalking and harassment, concealment and obstruction, breach of contract, breach of promise, and breach of trust under Texas law. To prove intentional infliction of emotional distress, plaintiff must show that Wal-Mart intentionally or recklessly engaged in extreme and outrageous conduct that caused him severe emotional distress. *Cantu v. Rocha*, 77 F.3d 795, 810 (5th Cir. 1996); *see also Twyman v. Twyman*, 855 S.W.2d 619, 621-22 (Tex. 1993). Although plaintiff generally alleges that he suffered both physical and emotional distress, including humiliation, embarrassment and mental anguish, he does not plead any facts showing that his distress was "severe." (*See* Plf. Am. Compl. at 7, ¶ 26).

Defamation is a false statement about a person, published to a third party, without legal excuse, which damages the person's reputation. *See Fiber Systems International, Inc. v. Roehrs*, 470 F.3d 1150, 1161 (5th Cir. 2006), *citing Moore v. Waldrop*, 166 S.W.3d 380, 384 (Tex. App.--Waco 2005, no pet.). "Publication of defamatory words means to communicate orally, in writing, or in print to some third person capable of understanding their defamatory import and in such a way that he did so understand." *Ramos v. Henry C. Beck Co.*, 711 S.W.2d 331, 335 (Tex. App.--Dallas 1986, no writ). Other than the formulaic recitation of the elements of this cause of action, plaintiff alleges nothing to enable the court to conclude that Wal-Mart published false statements about his sexual orientation to an identifiable third party, thereby subjecting him to "humiliation, hatred, and ridicule[.]" (*See* Plf. Am. Compl. at 5, ¶ 19).

Nor has plaintiff alleged any facts to support his other state law claims. Plaintiff does not identify the specific terms of any contract, oral or written, that was breached by Wal-Mart. (*See id.* at 6, ¶ 23). To the extent Texas law allows an employee to sue his former employer for negligent supervision and retention, stalking and harassment, concealment and obstruction, breach of promise, and breach of trust,[2] plaintiff does not plead enough facts to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (*See id.* at 5-6, ¶¶ 18, 20, 21 & 24).

Jackson, a Garland police officer, moves to dismiss plaintiff's federal civil rights claims on the ground of qualified immunity. Police officers, like other public officials, are immune from suit for discretionary acts performed in good faith while acting within the scope of their authority, unless their conduct violates a "clearly established statutory or constitutional right[ ] of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The threshold issue in any qualified immunity analysis is "whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736, 122 S.Ct. 2508, 2513, 153 L.Ed.2d 666 (2002); *see also Kinney v. Weaver*, 367 F.3d 337, 356 (5th Cir.), *cert. denied*, 125 S.Ct. 102 (2004). Here, plaintiff alleges that Jackson "moved aggressively into [his] personal space, while uttering explaitives [sic]," (*see* Plf. Am. Compl. at 4, ¶ 15), unsnapped his gun as if to shoot plaintiff, (*see id.*), then "threatened, abused, harassed, and intimidated Plaintiff into signing a criminal trespass warning." (*See id.* at 7, ¶ 25). None of these facts, even if proved, give rise to a claim under 42 U.S.C. § 1983. Mere threatening language and gestures by police officers

---

[2] Wal-Mart contends that plaintiff's claims for negligent supervision and retention, stalking and harassment, breach of promise, and breach of trust are preempted by the Texas Workers Compensation Act, Tex. Lab. Code Ann. § 401.001, *et seq.*, which provides an "exclusive method for compensating employees for injuries sustained in the course of their employment." *Ajaz v. Continental Airlines*, 156 F.R.D. 145, 148 (S.D. Tex. 1994) (citing cases). Although Wal-Mart states that it is "a participating employer to the TWCA," (*see* Wal-Mart Mot. at 3, ¶ 6), the court cannot make that determination based on the pleadings alone. Therefore, Wal-Mart's preemption argument does not support dismissal under Rule 12(b)(6).

do not amount to a constitutional violation. *See Hines v. Graham*, 320 F.Supp.2d 511, 520 (N.D. Tex. 2004), *citing Robertson v. City of Plano*, 70 F.3d 21, 24 (5th Cir. 1995). Likewise, complaints of verbal abuse, threats, and harassment are not actionable under section 1983. *Id., citing Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993). None of the facts alleged by plaintiff in his complaint suggest that Jackson used excessive force against him, or otherwise violated a clearly established constitutional right.

The court reaches a different conclusion with respect to plaintiff's Title VII sexual harassment and retaliation claims against Wal-Mart. The only argument made by Wal-Mart for dismissal of plaintiff's sexual harassment claim is that discrimination against homosexuals, or persons perceived to be homosexual, falls outside the scope of Title VII. (*See* Wal-Mart Mot. at 5, ¶ 11). However, in *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998), the Supreme held that Title VII prohibits same-sex harassment, provided the plaintiff can "prove that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted 'discriminat[ion] . . . because of . . . sex.'" *Oncale*, 118 S.Ct. at 1002. *See also La Day v. Catalyst Technology, Inc.*, 302 F.3d 474, 478 (5th Cir. 2002) (establishing two-step procedure for evaluating same-sex harassment cases). Wal-Mart all but ignores *Oncale* in its discussion of plaintiff's sexual harassment claim, and does not even mention his retaliation claim. Without suggesting a view of whether dismissal may be appropriate in another procedural context, such as a motion for summary judgment, the court declines to dismiss plaintiff's Title VII claims at the pleading stage.

## RECOMMENDATION

Defendant Wal-Mart, Inc.'s motion to dismiss [Doc. #36] should be granted in part and denied in part. The motion should be denied as to plaintiff's Title VII sexual harassment and

...

retaliation claims. All other claims against Wal-Mart should be dismissed with prejudice. Defendant D.C. Jackson's motion to dismiss [Doc. #35] should be granted in its entirety. All claims against Jackson should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 23, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE